```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

ANTHONY MUSTAFA LIFE WILLIAMS        :        CIVIL ACTION
                                     :
            v.                       :
                                     :
STATE OF PENNSYLVANIA, et al.        :        NO. 13-4926

**M E M O R A N D U M**

**GOLDBERG, J.**                        DECEMBER  /2  , 2013

    Plaintiff, an inmate, has filed a pro se civil rights action against the State of Pennsylvania, the City of Allentown, the Lehigh County prison, the Lehigh County District Attorney, the Warden and several members of the staff at the Lehigh County prison, and the Allentown Police Department. For the following reasons the claims against the State of Pennsylvania, the City of Allentown, the Lehigh County prison, District Attorney Martin, the Allentown Police Department and the John or Jane Doe mailroom supervisor and mailroom worker will be dismissed pursuant to 28 U.S.C. § 1915(e). The claims against the remaining defendants may proceed.

    The Eleventh Amendment to the United States Constitution prohibits actions for damages against a state in federal court unless the state has waived its immunity. U.S. Const. amend. XI; Edelman v. Jordan, 415 U.S. 651 (1974). Moreover, the United States Supreme Court has held that a "[a] state is not a person within the meaning of § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989) There is no waiver of state immunity applicable to this case. Therefore, plaintiff's claims against the State of Pennsylvania will be dismissed.

Plaintiff's claims against the Lehigh County prison are dismissed because a prison is not a "person" subject to suit under the civil rights laws. <u>Mitchell v. Chester County Farms Prison</u>, 426 F. Supp. 271 (E.D. Pa. 1976); <u>see also</u> <u>Brooks v. Pembroke City Jail</u>, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989).

The Supreme Court has held that prosecutors enjoy absolute immunity from liability for money damages under § 1983 for any actions taken within the scope of their duties as prosecutors. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976). There is nothing in this complaint that suggests that District Attorney James Martin acted outside the scope of his prosecutorial duties. Therefore, the claims against him will be dismissed.

Plaintiff is alleging that he is being illegally confined and prosecuted. However, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). Plaintiff is seeking damages for constitutional violations that, if proven, would necessarily render his conviction and related imprisonment invalid. However, he does not state that his conviction has been reversed or

otherwise invalidated.  Accordingly, plaintiff's claims against the City of Allentown and the Allentown Police Department will be dismissed.

Finally, plaintiff's claims against the defendants identified in his complaint as John or Jane Doe mailroom supervisor and mailroom worker are dismissed without prejudice to their reassertion if, and when, plaintiff can amend his complaint to identify, with adequate specificity, such defendants and the manner in which each defendant violated his constitutional rights.